UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAYSHON D. BRAGGS,

    Petitioner,

v.

SHERMAN CAMPBELL,

    Respondent.

Case No. 17-cv-12593
Honorable Laurie J. Michelson

**OPINION AND ORDER DENYING PETITIONER'S MOTION FOR A STAY [11]**

Petitioner Rayshon Braggs was convicted of armed robbery, Mich. Comp. Laws § 750.529, and unlawful imprisonment, Mich. Comp. Laws § 750.349b. (ECF No. 1). The convictions arose from an armed robbery "by Demetrius Bennett and a masked man who was later determined to be [Braggs], Bennett's younger brother." *People v. Braggs*, No. 323274, 2016 WL 232318, at *1 (Mich. Ct. App. Jan. 19, 2016). Braggs seeks a writ of habeas corpus form this Court.

The Michigan Court of Appeals summarized the evidence at Braggs' jury trial as follows:

The victim knew Bennett and allowed Bennett into his apartment. Bennett thereafter pointed a gun at the victim and defendant entered the apartment. They threatened the victim, tied him up, and stole money and drugs from him. The victim escaped and ran out of the apartment into a courtyard, followed by his assailants. Defendant fought the victim and wrestled him on the ground in the courtyard and Bennett shot the victim in the leg. Bennett and Defendant then fled.

A blue Ford Taurus was seen speeding away from the scene, and it was later determined that the car belonged to a family friend of Bennett and defendant, who was staying at the home of defendant's mother when the robbery took place. The family friend loaned the car to Bennett the morning of the robbery; she claimed defendant was asleep on a couch at his mother's house at the time. Defendant's mother also testified that defendant was home asleep and doing chores while the robbery took place.

> During the commission of the crimes, defendant wore a mask covering his face. The victim stated that he knew defendant, would have recognized defendant if he were the man wearing the mask, and insisted that defendant was not the masked man who robbed him with Bennett.
>
> However, a large black sweatshirt and a knit-cap fashioned into a mask were found at the scene. Defendant's DNA was the only DNA found on the mask and the sweatshirt. On Bennett's cellular telephone, detectives found a number of incriminating text messages sent the morning of the crime to and from a telephone number attributed to "Ray." While there was evidence that defendant's nickname was not "Ray," a detective testified at trial that defendant provided that telephone number as his own just a week after the robbery.

*Braggs*, 2016 WL 232318, at *1 (paragraphing altered).

On July 10, 2014, a jury convicted Braggs of armed robbery and unlawful imprisonment. The trial court sentenced Braggs to prison for 12 to 30 years for the armed robbery and to a concurrent term of 5 to 15 years in prison for the unlawful imprisonment. *Id.*

Braggs appealed, arguing that there was insufficient evidence to support his convictions and an insufficient foundation to admit certain text messages into evidence. The Michigan Court of Appeals disagreed. *See id.*

In July 2016, the Michigan Supreme Court denied leave to appeal because it was not persuaded to review the issues. *See People v. Braggs*, 881 N.W.2d 813 (Mich. 2016).

On August 4, 2017, Braggs filed his habeas corpus petition, raising the same two claims that he presented to the state courts on direct review. (ECF No. 1, PageID.5, 7.) The Warden filed a responsive pleading; he urges the Court to deny Braggs' petition because the state appellate court's adjudication of Braggs' sufficiency-of-the-evidence claim was not unreasonable and because Braggs' erroneously-admitted-evidence claim is not cognizable on habeas review. (ECF No. 8, PageID.44.)

Braggs now wants the Court to stay his case and to hold his habeas petition in abeyance while he exhausts state remedies for a new claim. (*See* ECF No. 11.) Braggs says that after he

2

completed his direct appeals, and after he filed his habeas corpus petition, he received an affidavit from Bennett. (ECF No. 11, PageID.910.) Bennett avers that someone named "Ricardo" was the masked man who assisted him in committing the crimes for which Braggs is incarcerated. (*See* ECF No. 11, PageID.915.)

Bragg's petition does not contain any unexhausted claims. So the question is not whether to dismiss the petition or hold it in abeyance. Instead, the question is whether to hold the petition in abeyance or proceed to decide it. *See Thomas v. Stoddard*, 89 F. Supp. 3d 937, 941 (E.D. Mich. 2015). And the "following factors inform a federal court's decision to proceed in parallel with state postconviction proceedings or instead hold a habeas corpus petition in abeyance":

> (1) whether the exhausted claims in the petition are plainly meritorious while the unexhausted claims plainly meritless (if so, proceeding to adjudicate the claims in the petition would avoid unnecessary expenditure of state court resources while still respecting the policies underlying exhaustion);
>
> (2) whether the unexhausted claims are potentially meritorious (if so, allowing the state court to adjudicate them first might save federal court resources, furthering the policies underlying exhaustion);
>
> (3) whether the unexhausted claims could be the bases for a viable second habeas petition (if so, staying until post-conviction proceedings are complete and then allowing petitioner to amend the pending petition would avoid the hurdles involved in filing a successive habeas petition);
>
> (4) whether the exhausted and unexhausted claims are legally or factually related (if so, it might be preferable for a federal court to delay ruling on an exhausted claim to avoid affecting the state court's view of an unexhausted claim);
>
> (5) whether the habeas petitioner has good cause for seeking the stay (if not, the consequences of requiring a petitioner to proceed in two courts at once are less unfair to the petitioner);
>
> (6) the potential prejudice to the party opposing the habeas corpus petition; and
>
> (7) any other considerations relating to judicial economy and federal-state relations.

*Armour v. MacLaren*, No. 15-10753, 2015 WL 9918195, at *1 (E.D. Mich. Dec. 4, 2015).

The Court finds that these factors do not favor staying this case—even if Braggs will file (or has already filed) a motion for relief from judgment in state court. Effectively, Braggs claims that Bennett's recent affidavit shows he is innocent. But the affidavit was not part of Braggs' trial. So Braggs' unexhausted claim is not so much that his conviction is in error based on what was presented to the jury, but that he is actually innocent. Yet "[c]laims of actual innocence based on newly discovered evidence have never been held to state a ground for federal habeas relief absent an independent constitutional violation occurring in the underlying state criminal proceedings." *Herrera v. Collins*, 506 U.S. 390, 400 (1993); *see also McQuiggin v. Perkins*, 569 U.S. 383, 392 (2013). As Braggs cannot receive a writ of habeas corpus on a standalone claim of actual innocence, any concerns about a second or successive habeas corpus petition raising the claim are not present. And the two exhausted claims are based on evidence introduced at trial so there is not complete overlap between them and Braggs' unexhausted claim.

In all, the Court will DENY Braggs' motion to stay. If Braggs would like, he may file a motion for relief from judgment in the state trial court. The adjudication of that motion will proceed in state court at the same time as this federal case goes forward.

SO ORDERED.

                                          s/Laurie J. Michelson
                                          LAURIE J. MICHELSON
                                          UNITED STATES DISTRICT JUDGE

Date: February 19, 2019

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was served upon counsel of record and/or pro se parties on this date, February 19, 2019, using the Electronic Court Filing system and/or first-class U.S. mail.

                                        s/William Barkholz
                                        Case Manager